FILED
Aug 02, 2018
02:35 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| John Washington ) | Docket No.   2017-08-1205 |
| ) | |
| v. ) | State File No. 69226-2017 |
| ) | |
| UPS Ground Freight, Inc., et al. ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Allen Phillips, Judge ) | |

---

**Affirmed in part, dismissed in part, and remanded—
Filed August 2, 2018**

---

The employee suffered injuries when he was struck on the head by a metal bar while loading a truck for his employer.  The employer accepted the claim as compensable and provided several panels of physicians.  The employee did not establish care with an authorized physician, and he filed a petition seeking medical care and reinstatement of temporary disability benefits the employer had stopped paying.  The trial court found the employer was obligated to provide medical benefits, but the employee was not entitled to temporary disability benefits or the specific medical care he was seeking.  The employee subsequently filed a motion seeking recusal of the trial judge for "bias" and "bad faith." The trial judge denied the motion.  The employee has appealed both the expedited hearing order and the trial court's order denying the motion to recuse.  The appeal of the expedited hearing order is untimely and is dismissed.  The trial court's denial of the motion to recuse is affirmed, the appeal is deemed frivolous, and the case is remanded.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Timothy W. Conner joined.

John Washington, Sardis, Mississippi, employee-appellant, pro se

Garrett Estep, Memphis, Tennessee, for the employer-appellee, UPS Ground Freight, Inc.

## Factual and Procedural Background

John Washington ("Employee") worked as a loader for UPS Ground Freight, Inc. ("Employer").  On September 7, 2017, while performing his duties at work, he was struck

in the head by a metal bar.  Employer does not dispute that the incident occurred or that Employee suffered injuries.

Employer provided a panel of physicians that included Employee's primary care physician at Employee's request.  That doctor referred Employee for a neurological evaluation, and Employer provided a panel of neurologists.  Employee selected Dr. Mohammad Assaf, who recommended additional testing and opined that Employee's request for a personal care assistant was not medically necessary.  Employee recorded the office visit with Dr. Assaf, and Dr. Assaf indicated he no longer wished to see Employee as a patient because of their disagreement over treatment.

Employer subsequently offered several additional panels of physicians to no avail. After rejecting a fifth panel of physicians, Employee declined to choose any physician provided by Employer because he believed the physicians had "bad reviews" based on his internet research.  He also believed the physicians had falsified his medical records, were unethical, incompetent, and had acted in "bad faith."  He reported at least two of the physicians to their state licensing board.

Employer suspended paying temporary disability benefits based on Employee's practice of contacting the physicians ahead of his appointments and informing them that he expected to receive the "effective medical treatment" he had been "illegally denied." He also advised the physicians that he had filed complaints against his "so call[ed] treating doctors."  According to Employer, this behavior caused the physicians to be unwilling to accept him as a patient.  Employer asserted that Employee's actions amounted to a refusal to accept medical services as provided by Tennessee Code Annotated section 50-6-204 (2017), justifying the suspension of temporary disability benefits until Employee complied by selecting a treating physician from a panel.[1]

Employee filed a petition seeking medical treatment and reinstatement of temporary disability benefits.  Prior to an expedited hearing, Employer filed a motion in limine seeking to exclude certain documents Employee sought to present at the hearing. Employer argued that the documents were hearsay and that no proper foundation for their admission had been laid.  The trial court agreed and excluded the documents as evidence. Thereafter, Employee sent an email to the trial judge stating, "at any time you feel that you are unable to remain fair & impartial towards me & my workers comp case, I am

---

[1] Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) provides that "[t]he injured employee shall accept the medical benefits afforded under this section."  Moreover, "[i]f the injured worker refuses to comply with any reasonable request for examination or to accept the medical or specialized medical services that the employer is required to furnish under this chapter, the injured employee's right to compensation shall be suspended and no compensation shall be due and payable while the injured employee continues to refuse."  Tenn. Code Ann. § 50-6-204(d)(8).

demanding that you recuse yourself from my case."[2]  The trial court ruled that the recusal request, such that it was, did not comply with Tennessee Supreme Court Rule 10B and that, even if it did, it had no merit.

At the expedited hearing, which lasted nearly four hours, Employee was the only witness to testify.  After the hearing, the trial court issued an order concluding that Employer was obligated to provide medical care for Employee's injury, but that it was not required to reinstate his temporary disability benefits or provide additional panels of physicians.  The trial court also declined to order Employer to pay certain emergency room bills or pay for personal care assistance for Employee.

Thereafter, on April 30, 2018, Employee filed a motion "demanding" that the trial judge recuse himself because the judge was biased against him.  As grounds, Employee claimed the judge had ruled against him, had not allowed him to make an opening statement or closing argument, had not allowed him to fully present his case, and was responsible for him not having access to an ombudsman attorney.[3]

In an order dated May 9, 2018, the trial judge denied Employee's motion to recuse, explaining that he had applied the law appropriately, had carefully considered every filing made by Employee, and that no reasonable basis existed to question his impartiality.  In separate notices of appeal filed on May 18, 2018, Employee appealed both the expedited hearing order containing the trial court's substantive decision as well as the court's denial of his motion to recuse.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise.  *See* Tenn. Code Ann. § 50-6-239(c)(7) (2017).  When the trial judge has had the

---

[2] Email correspondence from Employee is typed in all capital letters.  For ease of reading, we have reproduced Employee's statements verbatim using conventional capitalization.

[3] The record contains an email dated April 20, 2018 from an ombudsman attorney with the Tennessee Bureau of Workers' Compensation to Employee stating he was unable to continue assisting Employee because the ombudsman attorney's "services are reserved for those that find themselves without the aid of any attorney.  You have indicated on multiple occasions that you are seeking and getting advice from outside counsel.  Most recently you indicated this in an e-mail dated March 29[,] 2018 when you said:

> ATTENTION: LET ME MAKE IT KNOWN ONCE AND FOR ALL I HAVE A FAMILY/FRIEND ATTORNEY THAT HAS BEEN ASSISTING ME THROUGH THIS (GARBAGE) I HAVE ALSO SPOKEN TO MANY DOCTORS, LAWYERS . . .

I must avoid situations where I may provide legal advice that conflicts with other attorneys you have chosen to consult."

opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2017). A trial court's ruling on a motion to recuse is reviewed de novo on appeal. Tenn. Sup. Ct. R. 10B, § 2.01.

## Analysis

### A. Trial Court's Expedited Hearing Order

Employee challenges the trial court's substantive decision requiring Employer to provide reasonable and necessary medical benefits but denying Employee's requests for temporary disability and additional medical benefits. According to Employee, he should not be required to select a physician from Employer's panels, as the trial court ruled he must, because the physicians are trying to harm him.

The trial court's expedited hearing order was filed on April 27, 2018, and the notice of appeal pertinent to that order was filed on May 18, 2018. Tennessee Code Annotated section 50-6-217(a)(2)(A) (2017) requires that, if a party wishes to appeal an interlocutory order, the party has seven business days in which to file a notice of appeal. Here, the notice of appeal was due on or before May 8, 2018 and, thus, the appeal is untimely. We have no jurisdiction to decide an appeal when the notice of appeal is not timely filed. *See* Tenn. Code Ann. § 50-6-217(a)(2) ("Any party aggrieved by an order issued by a workers' compensation judge may appeal the order . . . by filing a *timely* notice of appeal.") (emphasis added); *see also Bates v. Command Ctr., Inc.*, No. 2014-06-0053, 2015 TN Wrk. Comp. App. Bd. LEXIS 10, at *5 (Tenn. Workers' Comp. App. Bd. Apr. 2, 2015) ("Appellate courts treat the untimely filing of a notice of appeal in civil cases as a jurisdictional defect, resulting in a dismissal of the appeal.").

Accordingly, to the extent Employee's appeal challenges the trial court's April 27, 2018 expedited hearing order, it is dismissed as untimely.

## B. Recusal

Employee has also appealed the trial court's denial of his motion to recuse. In our view, the trial court did not err in denying the motion.

Tennessee Supreme Court Rule 10B provides that a party seeking to appeal the denial of a motion to recuse must do so by filing a "petition for recusal appeal" containing the following information:

(a) A statement of the issues presented for review;
(b) A statement of the facts, setting forth the facts relevant to the issues presented for review;
(c) An argument, setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefore, including the reasons why the contentions require appellate relief, with citations to the authorities; and
(d) A short conclusion, stating the precise relief sought.

Tenn. Sup. Ct. R. 10B, § 2.03. Employee has filed no such petition or any other document containing the information identified in Section 2.03. Nor has he filed a brief on appeal as required by Tenn. Comp. R. & Regs. 0800-02-22-.02(2) (2018). Instead, Employee submitted an email, filed on May 21, 2018, in which he argues that the trial judge, the Chief Judge of the Court of Workers' Compensation Claims, the Director of Mediation and Ombudsmen Services of Tennessee, a Bureau ombudsmen attorney, and other unnamed staff members of the Bureau of Workers' Compensation are biased, unethical, and discriminatory in violation of various state and federal laws.[4]

---

[4] Employee's email states, in its entirety, as follows:

> From: John Washington (Law Abiding Citizen in Hell) To: TN Workers' Comp Court, "bias" "bully" trial judge Allen Phillips, UPS Ground Freight Inc. attorney Garrett Estep (BPR # 019078) Let this email & attachments serve as my new (455(A) motion/recusal). Workers' Comp. Judge Allen Phillips on a continuous basis, has acted in a "bully" manor & showing a very clear pattern of "bias" or the appearance of "bias" & "bad faith" Bias meaning in legal context, to treat someone unfairly, in spite of the (facts) that hearing and trials are designed to be unbiased assessments of the (facts) of a case. Trial judge Allen Phillips has completely ignored Federal Rules of Civil Procedure, Rule 8.4 misconduct, Rule 3.4 fairness, Rule 3.3 & 3.2 & Rule 51.05 Rules of Civil Procedure, Rules Governing Civil Procedure – Venue including change of venue and change of judge. See: 51:05. (B)(C)(D)(E)(1)(2)(F). In. ref. to judicial disqualification, to recuse himself, see: 28 U.S.C. Sec. 455(A)(B). Under sec. 455(A), recusal is mandatory, mandatory, mandatory in "any proceeding in which his impartiality might reasonably be questioned." Under sec. 455(B), a judge is expected to disqualify himself whenever any of the 5 statutorily prescribed criteria can be shown to exist in facts; even if no motion or affidavit seeking such relief has been filed, & regardless of whether a reasonable person would question the judge's impartiality. Sec. 455(B)(1) provides that a judge should disqualify

Looking beyond Employee's failure to comply with Rule 10B, we have decided to address his assertions that the trial judge demonstrated a "very clear pattern of bias," acted in "bad faith," and was a "bully." These are serious allegations, and we treat them as such.

All litigants, whether proceeding pro se or not, are entitled to have their disputes heard and decided by fair and impartial judges. This right has been described as "one of the core tenets of our jurisprudence," and "it goes without saying that a trial before a biased or prejudiced fact finder is a denial of due process." *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 564 (Tenn. 2001). Thus, judges must act "at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." *Id.*

In evaluating a motion to recuse, the Tennessee Supreme Court has provided the following guidance:

> A motion to recuse should be granted if the judge has any doubt as to his or her ability to preside impartially in the case. However, because perception is important, recusal is also appropriate when a person of ordinary prudence

---

himself in any proceeding in which he has "a personal 'bias' or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Also see: 455(B)(2) & 455(B)(3) & pursuant to 28 U.S.C. sec. 455(B)(4) & sec. 455(B)(5)(I), notice: for a more comprehensive treatment of deciding section 455 motions, see: Flamm sec. 24,8 @ 721. In ref. to example case see: Demodulation Inc. -v- The United States # 11-236(C) Filed: 2-10-14. Judge as also ignored TN. Code 39-11-201-Burden of Proof, which clearly states "presumptions shall be rebuttable by preponderance of evidence. See: TN -v- Hawkins, 406 S.W. (3)(D) 121, (TN. Supreme Court 2013). Conclusion: no one is above the law, Rule 8.3(A)(B)(C) reporting professional misconduct: a lawyer who knows that a judge has committed a violation of applicable rules judicial conduct that raises a substantial questions as to the judge's fitness for office shall inform the appropriate authority. Notice: I oppose your denial to recuse yourself trial judge Allen Phillips. Notice: I also oppose/reject being forced against my rights to continue in appeal court, bottom line, I object the offer & I demand a fair & just expedited hearing. Notice: I strongly advise everyone to pay close attention to the emails I have sent over the weekend, as well to the complaint attachments that has been filed against trial judge Allen Phillips & UPS Freight attorney Mr. Garrett Estep. On the grounds of discrimination, ethical codes violations, civil rights violations, applicable rules of judicial conduct violation. Notice: more complaints will follow, Chief Judge Ken Switzer & Ombudsman Brian Holmes & James Jay Hicks. Notice: I am seeking disbarment & resignation letters, not only am I in fear of my life dealing with TN. workers' comp. but I am afraid for those before me & those that will come after me, if the same people are in their positions, especially if they are black people. Notice: this TN. workers' comp. court has many "bias" racial staff members, I am demanding change. Notice: let me remind you all workers' comp. is a right, TN. court has violated my rights over & over again. "Injustice anywhere is a threat to justice everywhere". "Black lives does matter" Notice: to those of you that have problems with black people, Notice: segregation & discrimination were outlawed by the Civil Rights Act of 1964.

6

in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality. Thus, even when a judge believes that he or she can hear a case fairly and impartially, the judge should grant the motion to recuse if the judge's impartiality might reasonably be questioned. Hence, the test is ultimately an objective one since the appearance of bias is as injurious to the integrity of the judicial system as actual bias. However, the mere fact that a judge has ruled adversely to a party or witness in a prior judicial proceeding is not grounds for recusal. . . . If the rule were otherwise, recusal would be required as a matter of course since trial courts necessarily rule against parties and witnesses in every case, and litigants could manipulate the impartial[it]y issue for strategic advantage, which the courts frown upon.

*Id.* at 564-65 (internal quotation marks and citations omitted).

In addition, the law is clear that the party seeking recusal bears the burden of proof. *Runyon v. Runyon*, No. W2013-02651-COA-T10B-CV, 2014 Tenn. App. LEXIS 184, at *20 (Tenn. Ct. App. Mar. 31, 2014). Specifically, a party challenging the impartiality of a judge "must come forward with some evidence that would prompt a reasonable, disinterested person to believe that the judge's impartiality might reasonably be questioned." *Eldridge v. Eldridge*, 137 S.W.3d 1, 7 (Tenn. Ct. App. 2002). As noted above, the trial court's ruling on a motion to recuse is reviewed de novo on appeal. Tenn. Sup. Ct. R. 10B, § 2.01.

Applying these principles to this case, we find that Employee failed to meet his burden of establishing either that the trial judge's impartiality may reasonably be questioned or that the judge had an impermissible bias or prejudice against him. We have carefully reviewed the record, which exceeds one thousand pages, and find nothing to support Employee's assertions that the trial judge engaged in a "very clear pattern of bias," acted in "bad faith," or was a "bully." As explained below, the record establishes much to the contrary.

As near as we can tell, Employee's main point of contention appears to be that the trial judge was biased based on the judge's evidentiary rulings before and during the expedited hearing. However, these are the types of decisions trial judges are called upon to make in most every case, and the mere fact that Employee did not prevail is insufficient evidence of bias or prejudice that would require the judge's recusal. The law is clear that adverse rulings may lead a party to wish for another trial judge, but they do not provide a basis for requiring the judge's recusal from the case. *Runyon*, 2014 Tenn. App. LEXIS 184, at *36. Indeed, adverse rulings of a trial judge, "even if erroneous, numerous and continuous, do not, without more, justify disqualification." *State v. Cannon*, 254 S.W.3d 287, 308 (Tenn. 2008).

7

Moreover, in reviewing the transcript of the expedited hearing, it is apparent to us that the trial judge exhibited considerable patience and treated Employee with the utmost respect. The hearing lasted nearly four hours, and Employee was the sole witness. Employee was given wide latitude to speak and to explain his position. When offered the chance to present rebuttal proof after Employer's cross-examination, Employee declined to do so, stating he was "given an opportunity to answer [counsel's] questions fully" and "in the way that [he] wanted to answer the questions."

In addition, the trial judge thoroughly explained the hearing process to Employee and went to considerable lengths to explain the legal basis for his rulings on evidentiary matters, objections, and why certain documents were being admitted and others excluded. The judge even led Employee through much of his testimony in an attempt to assist him in describing how his injury occurred, how it affected him, and why he has been unable to establish a relationship with an authorized physician. At the end of the hearing, the judge asked Employee if he believed the court had given him a full, complete, and fair opportunity to be heard, and he replied in the affirmative.

Simply put, Employee has pointed to no facts that suggest the trial judge was biased or in any way treated him unfairly, and we have found none. Nor is there any suggestion in the record that the judge was somehow responsible for Employee's alleged difficulties with the Bureau's ombudsman attorney. Regarding Employee's contention that the trial judge did not allow him to make an opening statement or closing argument, we note the judge accepted Employee's opening statement in writing and even made it an exhibit. Moreover, at times during Employee's testimony at the hearing, the judge allowed Employee's comments to be treated as "argument." When the judge indicated he was concluding the hearing, Employee did not request an opportunity to make any further argument.

In short, we have carefully reviewed the entire record and have found no evidence supporting recusal of the trial judge. Accordingly, we find no basis upon which to conclude the trial court erred in denying Employee's motion to recuse.

## C. Frivolous Appeal

Before concluding, we are compelled to address the frivolous nature of this appeal. A frivolous appeal is one that is devoid of merit or brought solely for delay. *Yarbrough v. Protective Servs. Co., Inc.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *11 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016). Stated another way, "[a] frivolous appeal is one that . . . had no reasonable chance of succeeding." *Adkins v. Studsvik, Inc.*, No. E2014-00444-SC-R3-WC, 2015 Tenn. LEXIS 588, at *30 (Tenn. Workers' Comp. Panel July 21, 2015). This is such an appeal. Employee has not complied with Rule 10B, has not filed a brief, and the record contains nothing to suggest the trial judge should have recused himself. Nonetheless, we exercise our discretion

under Tenn. Comp. R. & Regs. 0800-02-22-.04(6) (2018) not to award attorney's fees or other expenses at this time.

## Conclusion

We hold that Employee's appeal of the trial court's April 27, 2018 expedited hearing order is untimely and, therefore, is dismissed. With respect to Employee's appeal of the trial court's denial of his motion to recuse, the record is devoid of evidence suggesting that the trial court erred. Accordingly, the trial court's decision is affirmed, the appeal is deemed frivolous, and the case is remanded for any further proceedings that may be necessary.



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| John Washington | )   Docket No.  2017-08-1205 |
| | ) |
| v. | )   State File No.  69226-2017 |
| | ) |
| UPS Ground Freight, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Allen Phillips, Judge | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 2nd day of August, 2018.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| John Washington | | | | | X | washingtonjohn73@gmail.com |
| Garrett Estep | | | | | X | gestep@farris-law.com |
| Allen Phillips,  Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeaentte Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov